**Candida MESTAYER and Brad Culp, Plaintiffs–Appellants,**

v.

**WISCONSIN PHYSICIANS SERVICE INSURANCE CORPORATION, and Milwaukee County, Defendants–Appellees.**

**No. 89–1504.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 19, 1990.

Decided June 22, 1990.

Marjan R. Kmiec, Christopher A. McConville, Milwaukee, Wis., for plaintiffs-appellants.

Kathryn M. Coates, Elwin J. Zarwell, Quarles & Brady, Milwaukee, Wis., for defendant-appellee Wisconsin Physicians Service Ins. Corp.

Andrew L. Hunsick, Office of Corp. Counsel, Milwaukee, Wis., for defendant-appellee Milwaukee County.

Before CUDAHY, MANION and KANNE, Circuit Judges.

MANION, Circuit Judge.

Candida Mestayer and her husband, Brad Culp, sued Wisconsin Physicians Service Insurance Corp. (WPS) and Milwaukee County in a dispute over insurance coverage. The district court granted summary judgment for WPS and assessed a $250 Rule 11 sanction against the plaintiffs for filing a frivolous complaint. Mestayer and Culp appeal. We affirm.

I.

Mestayer is an employee of Milwaukee County. Beginning January 1, 1985, Milwaukee County furnished a self-funded health benefits plan to its employees, retirees and dependents. The plan is administered under an administrative services agreement with Milwaukee County.

Since 1985, Mestayer has received immunotherapy treatments for Epstein Barr virus and blood deficiency from Dr. Burton Waisbren, Sr. She alleges in her complaint that WPS delayed and refused payment of her insurance claims, and required her to obtain preauthorization for her treatment. She claims breach of contract, misrepresentation, violations of the Employee Retirement Income Security Act (ERISA), bad faith, breach of a fiduciary duty, emotional distress, loss of society and companionship, violations of her civil rights and violation of her due process rights to life and property. She seeks damages totalling more than $12 million—$25,000 for unpaid bills and future treatments; $2,000,000 for economic loss and emotional distress; $50,000 for her husband, Brad Culp, for loss of society and companionship; and $10,000,000 in punitive damages.

The undisputed facts are presented in an affidavit by John Degler, manager of Milwaukee Service Center for WPS. Mestayer submitted claims for 14 immunotherapy treatments. In June, 1985, WPS preauthorized payment of 10 of the 14 claims and in fact paid those claims within three months. Since the other four claims were not preauthorized, WPS required and obtained additional information before authorizing payment. Even with the delays involved in this evaluation procedure, WPS

paid those four claims within six months. On January 7, 1987, WPS requested that Mestayer provide additional information to obtain preauthorization for future treatment. Mestayer failed to submit any additional information, and has not filed any more claims with WPS.

Mestayer originally brought this action in Milwaukee County Circuit Court. WPS removed the case to U.S. District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1331 and 1441 because it involved claims arising under 29 U.S.C. § 1132 (ERISA), 42 U.S.C. § 1983 (civil rights) and the Fifth and Fourteenth Amendments. The district court had pendent jurisdiction over Mestayer's state law claims of breach of contract, misrepresentation, bad faith, breach of fiduciary duty, emotional distress, loss of society and companionship, and punitive damages. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## II.

### A. *Summary Judgment*

■ Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Rule 56(e) provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

■ The Degler affidavit asserts that all of Mestayer's claims have been paid, and sets forth the date of each payment. Under the terms of the insurance contract, Mestayer was responsible for a $50 per calendar year deductible, and a 20–percent copayment on each claim. Degler's affidavit establishes that all of Mestayer's claims were timely paid, and that the only amounts left unpaid were those for which Mestayer was responsible. These facts supported the defendants' motion for summary judgment, and under Rule 56(e) shifted the burden to Mestayer to "set forth specific facts" by affidavit or otherwise to demonstrate that there is a genuine issue for trial. Mestayer needed to provide evidence of other claims submitted that were not paid, or evidence that some of the claims in Degler's affidavit were not paid. Instead, Mestayer responded with her own conclusory affidavit (accompanied by a brief signed by her attorneys) that merely reiterated her unsubstantiated and vague allegation that WPS denied or delayed paying some of the claims.[1]

Her contention that WPS did not pay a "portion" of her treatment bills is consistent with the Degler affidavit's explanation that Mestayer was responsible for a $50 deductible and 20 percent copayment. Since there is no dispute that WPS did not pay a portion of Mestayer's bills, her affidavit creates no genuine issue of material fact.

Nor did Mestayer counter WPS' assertion that requests for information before further preauthorization were reasonable

---

1. See affidavit of Candida Mestayer, Dec. 8, 1988, at 2–3. ("[Y]our affiant has not received payment for a portion of immune therapy treatments provide [sic] by her treating physician, Dr. Burton Waisbren, Sr.... [Y]our affiant has had to discontinue treatment with Dr. Waisbren because of the refusal of the defendant [sic] to pay you [sic] affiant's bills and their unsupported requirements of reiterated pre-authorizations.... [D]ue to the defendants [sic] disallowance of treatment, your affiant has continued apprehension in engaging in further treatments because of the uncertainty of payments and the defendant's [sic] countless requirements of preapproval.")

1080

and appropriate. WPS claimed it needed to make sure continued immunotherapy treatment was necessary and covered by her policy. Mestayer's counter affidavit included no specific facts that were not already set forth in the complaint. By not providing some reason that the information request was inappropriate she failed to meet her Rule 56 burden.

The only evidence before the district court was that WPS paid its share of all of Mestayer's claims. The district court correctly concluded that

> [i]f all her claims have been paid, it is difficult to see how plaintiffs can have any claim against WPS or Milwaukee County. Specifically, there can be no contract claim, no breach of a fiduciary duty, no claim for emotional distress or loss of society and companionship.... Above all, there can be no claim for punitive damages.

District court memorandum opinion at 4.

Mestayer argues on appeal that the issue of whether WPS denied or delayed her claims out of "bad faith" should have gone to the jury.[2] As we have already noted, Mestayer completely failed to provide any evidence to contradict the Degler affidavit's assertion that WPS timely paid all it owed. There was no evidence that the short delay in processing and paying the claims was unreasonable, or that it was in any way motivated by bad faith, as required by Wisconsin law. The district court correctly granted summary judgment for WPS and Milwaukee County.[3]

## B. *Sanctions*

WPS moved for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, arguing that the allegations were not grounded in fact and that the damage claims were frivolous. The district court agreed:

> I find that Rule 11 sanctions are appropriate. Any investigation of the facts would have revealed that the claims could not be sustained and that the damage requests were exorbitant. In addition to the dismissal of the complaint, plaintiffs are assessed $250, which must be paid to WPS within thirty days.[4]

The court recognized that $250 would not adequately compensate WPS for the costs of litigation, but ruled that deterrence of frivolous litigation, rather than compensation, was the motivating force behind the sanction. Apparently the lesson did not take.

Mestayer argues that sanctions were inappropriate because a genuine issue of material fact existed. We have already affirmed the district court's decision to grant summary judgment, so that argument is foreclosed. Mestayer has not raised, and thus has waived any other potential challenge to the imposition of sanctions. We agree with the district court that a reasonable examination of the facts would have revealed Mestayer's inability to support any of the claims filed. Furthermore, seeking more than $12 million in damages for a case of this nature was clearly excessive.

WPS requests further sanctions for Mestayer's decision to file a frivolous appeal. We agree that the appeal was frivolous,

---

**2.** In *Anderson v. Continental Ins. Co.,* 85 Wis.2d 675, 271 N.W.2d 368 (1978), the Wisconsin Supreme Court established that an allegation of bad faith denial of an insurance claim was sufficient to maintain an action in tort, aside from any claim for breach of contract.

**3.** Mestayer also challenges the district court's conclusion that "[t]here can be no constitutional or civil rights claim against WPS without some allegations regarding state action." That statement came after the district court had already concluded that summary judgment was appropriate because no claim could stand where it was undisputed that WPS paid all of Mestayer's claims. The court was briefly describing "other problems" with Mestayer's claim; the state action conclusion can only be described as an alternative holding of the district court. In light of our decision to affirm the district court's primary ground for granting summary judgment, we need not address the state action arguments.

**4.** We review the district court's decision to impose Rule 11 sanctions under the deferential "abuse of discretion" standard. *See Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 933 (7th Cir.1989) (en banc); *Cooter & Gell v. Hartmarx Corp., et al.,* — U.S. —, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

and that sanctions are appropriate under Fed.R.App.P. 38. The district court properly found the initial claim to be sanctionable. Mestayer uncovered no new legal theories to support her argument on appeal; in fact, Mestayer's counsel appeared unprepared for argument. He was unsure of basic facts surrounding the claims submitted by Mestayer. While Mestayer claimed that WPS did not pay all of her claims, her attorney could not tell us how many claims were not paid or how much money WPS allegedly owed Mestayer's doctor. He could not even tell us how much money Mestayer allegedly owed her doctor.

" 'An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit.' " *Mays v. Chicago Sun–Times*, 865 F.2d 134, 138 (7th Cir.1989) (quoting *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177, 184 (7th Cir.1985). An appeal may be frivolous when it "merely restates arguments that the district court properly rejected." *See Mays v. Chicago Sun–Times*, 865 F.2d at 138, citing *Spiegel v. Continental Illinois National Bank*, 790 F.2d 638, 650 (7th Cir.1986); *Ross–Berger Companies v. Equitable Life Assur.*, 872 F.2d 1331, 1341 (7th Cir.1989). Not only were these arguments properly rejected; they were so groundless as to be held sanctionable by the district court.

The district court's summary disposition of Mestayer's argument was appropriate, and her argument on appeal is mere repetition. The appeal is frivolous and sanctions are appropriate. Our final task is to "determine what sanctions to impose and against whom." *Mays v. Chicago Sun–Times*, 865 F.2d at 139. Rule 38 sanctions may be assessed against either an appellant or an appellant's attorney. *Mays v. Chicago Sun–Times, id.* As in *Mays*, we find that "appellant's attorney could not have had a reasonable expectation that the same arguments would prevail in this court and merely delayed the inevitable by filing this appeal." *Id.* We therefore assess to Mestayer's attorney the costs of this appeal. WPS is ordered to file with this court within 15 days of the date of this opinion a statement of costs it incurred in defending the appeal of the district court's grant of summary judgment.

III.

We affirm the district court's decision to grant summary judgment for WPS and Milwaukee County. We affirm the district court's Rule 11 sanctions in the amount of $250, and assess to Mestayer's attorney the costs of this appeal pursuant to Fed.R. App.P. 38.