948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronnie BULLOCK, Plaintiff/Appellant,
v.
Wilson HOOF, et al., Defendants/Appellees.
 No. 90-3860.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 26, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 89-C-0892, Suzanne B. Conlon, Judge.
 
 
 1
 N.D.Ill.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Plaintiff-appellant Ronnie Bullock challenges the district court's decision to grant summary judgment in favor of the defendants in this 42 U.S.C. § 1983 action. We affirm.
 
 
 4
 Ronnie Bullock is incarcerated at the Stateville Correctional Facility in Joliet, Illinois. His case arose after Sergeant Wilson Hoof, a prison guard, issued an Inmate Disciplinary Report charging Bullock with several prison offenses. After the report was filed, the prison Adjustment Committee heard Bullock's case. The Committee found him guilty of violating prison rules and disciplined him accordingly. Bullock then appealed to the prison Administrative Review Board which found that the Adjustment Committee decided the case properly.
 
 
 5
 After the Review Board's decision, Bullock filed a complaint alleging violations of 42 U.S.C. § 1983. He sued the defendants in their official and individual capacities alleging (1) that Hoof violated his constitutional rights by filing a false disciplinary report[1] and (2) that state officials involved in the hearing did not allow him to present evidence. He requested money damages.
 
 
 6
 In response to Bullock's complaint, the defendants filed a motion for summary judgment. Bullock and his court-appointed counsel, however, failed to file a response to the motion even after an extension of time. The judge, therefore, granted summary judgement in favor of the defendants without the benefit of Bullock's response. Bullock then filed a timely pro se notice of appeal.[2]
 
 
 7
 Bullock first contends that the district court improperly granted the defendants' motion for summary judgement after his attorney failed to file a response. He argues that the judgment holds him responsible for his attorney's mistakes and that the court should not have entered summary judgement without informing Bullock personally of the filing requirement.
 
 
 8
 This argument has no merit. The Federal Rules of Civil Procedure specifically grant district courts the power to enter judgement against parties who do not respond to summary judgement motions. Fed.R.Civ.P. 56(e). This power does not depend on whether the default is attributable to counsel or the litigant. Parties do not have the right to effective assistance of counsel in civil cases; Barkauskas v. Lane, No. 90-2703, slip. op at 5 (7th Cir.Nov. 1, 1991); Wolfolk v. Rivera, 729 F.2d 1114, 1120 (7th Cir.1984), thus, they cannot expect appellate courts to vacate judgments because of the mistakes of counsel. Such mistakes are more appropriately addressed in a suit for legal malpractice.
 
 
 9
 Bullock's second contention is that the district court erred in granting summary judgment because the prison officials did not allow him present affidavits at his disciplinary proceedings.[3] We must review this claim de novo and affirm only if it appears from the record that no genuine issue of material fact exists. See Fed.R.Civ.P. 56(c); Lister v. Stark, 942 F.2d 1183, 1187 (7th Cir.1991); Mestayer v. Wisconsin Physicians Service Ins. Corp., 905 F.2d 1077, 1079 (7th Cir.1990).
 
 
 10
 Claims alleging due process violations in prison disciplinary proceedings are assessed under the standard of Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). Under Wolff, prisoners generally have a due process right to present evidence at disciplinary proceedings. Id. Bullock was not, however, denied the right to present evidence. In fact, during a deposition, Bullock admitted that the Committee accepted his affidavits.
 
 
 11
 Bullock, however, attempts to attack the district court's decision by alleging that he never saw his deposition and that it was falsified. These arguments are untimely. They should have been raised in a response to the defendant's motion for summary judgment. Because Bullock never filed a response, he waived the arguments on appeal. See Cange, 913 F.2d at 1211.
 
 
 12
 The district court, therefore, properly granted summary judgement against Bullock and its decision is
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 This claim was abandoned on appeal
 
 
 [2]
 On appeal, Bullock raises several issues which we cannot address
 Some of these issues are not relevant to this proceeding. These include, whether his court-appointed attorney should have kept him advised of the progress of his case and whether the court should have disciplined the attorney for his conduct in the case. These allegations may be appropriate in a malpractice claim or during an attorney disciplinary proceeding, but they are not proper allegations to bring against the named defendants.
 Other issues are waived because they were not raised before the district court. See Cange v. Stotler and Co., 913 F.2d 1204, 1211 (7th Cir.1990). The waived issues include Bullock's allegations that he did not have an opportunity for discovery and that he was denied due process in another disciplinary hearing.
 
 
 [3]
 The claims against the defendants in their official capacities are the most easily dismissed. The Eleventh Amendment prohibits plaintiffs from suing states for money damages without permission, and a suit against a state official in his official capacity is considered a suit against the state. See Kashani v. Purdue University, 813 F.2d 843, 848 (7th Cir.), cert. denied, 484 U.S. 846 (1987). Thus, Bullock, who never sought permission to sue, cannot bring an official capacity suit