978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Vincent J. MANGANELLO, Plaintiff-Appellant,
v.
NEWELL WINDOW FURNISHINGS COMPANY, and Newell Company,
Defendants-Appellees.
 No. 91-3441.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1992.*
Decided Oct. 27, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Victor J. Manganello appeals from the district court's minute order denying his motion for relief from judgment under Fed.R.Civ.P. 60(b)(6). The district court dismissed it as untimely, whether construed as a motion under Rule 60(b)(6) or Rule 60(b)(2). We dismiss this appeal.
 
 I. BACKGROUND
 
 2
 Newell Window Furnishings Company fired Manganello in 1986 from his position as zone sales manager for the Northeast. On October 23, 1989, the district court dismissed a suit Newell had filed under the Age Discrimination and Employment Act (ADEA), 29 U.S.C. § 621 et seq., as well as pendent state claims under Massachusetts law. The district court ruled that Manganello had failed to satisfy the condition precedent to filing a lawsuit under the ADEA--namely, the timely filing of a charge with the Equal Employment Opportunity Commission. In a separate order, the court denied Manganello's motion to retransfer the case to the United States District Court for the District of Massachusetts, where the action had originated. Pursuant to Federal Rule of Civil Procedure 58, the district court entered its judgment on February 16, 1990. We affirmed the district court in an unpublished order. See Manganello v. Newell Window Furnishings Company and Newell Company, No. 90-1427 (7th Cir., May 8, 1991).
 
 
 3
 Manganello next filed a motion seeking relief from the court's order of February 16, 1990. The district court found that Manganello's motion, which he had based on "newly discovered evidence", properly should have been brought pursuant to Rule 60(b)(2). Instead, Manganello had styled it a motion under Rule 60(b)(6). Under either characterization, the district court dismissed the complaint as untimely. In its order the court observed that a Rule 60(b)(2) motion, by its own requirements, must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b). Manganello filed his motion on June 8, 1991, after the one-year deadline had elapsed on February 16, 1991. Even if it were to construe Manganello's motion under Rule 60(b)(6), the court found that his sixteen-month delay in filing the motion was not "made within a reasonable time" in accordance with Rule 60(b). Consequently, the motion warranted dismissal. This appeal followed.
 
 II. ANALYSIS
 
 4
 We review the district court's denial of a Rule 60(b) motion for abuse of discretion, Gomez v. Chody, 867 F.2d 395, 405 (7th Cir.1989), which the appellant bears the burden of proving. Peacock v. Board of School Comrs., 721 F.2d 210, 213 (7th Cir.1983). The district court has abused its discretion if we conclude that "no reasonable man could agree with the district court." Metlyn Realty Corp. v. Esmark, Inc., 763 F.2d 826, 831 (7th Cir.1985). When making that determination, we cannot consider the merits of the underlying judgment from which the appellant sought relief. Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (7th Cir.1986). We will reverse the district court only if it has abused its discretion. Lee v. River Forest, 936 F.2d 976, 979 (7th Cir.1991).
 
 
 5
 Manganello offers no argument or case citation to support the requisite showing that the district court abused its discretion. When a pro se litigant's brief contains no identifiable argument, this court reserves the right to dismiss the appeal outright. McCottrell v. E.E.O.C., 726 F.2d 350, 351 (7th Cir.1984). Manganello's brief merely restates the same argument he advanced before the district court in his motion for relief from the judgment. If an appeal is "mere repetition" of the complaint, we may dismiss it as frivolous. Mestayer v. Wisconsin Physicians Serv. Ins. Corp., 905 F.2d 1077, 1081 (7th Cir.1990). See also Williams v. Leach, 938 F.2d 769, 775 (7th Cir.1991); Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989).
 
 
 6
 We realize that in a pro se appeal such as this one, we must liberally construe the pleadings and not hold the appellant to the same standard of competence that we expect from licensed counsel. Haines v. Kerner, 404 U.S. 519 (1972). Even so, we are not additionally obligated to craft arguments for parties who fail to do so for themselves. "We must evaluate the arguments that the appellants actually made, and not the arguments they could have made." Hartz v. Friedman, 919 F.2d 469, 475 (7th Cir.1990). Nowhere do the words "abuse of discretion" appear in Manganello's brief. Nor does he convey any such concept. Our review, we emphasize, is limited to such an inquiry. "A brief ... that fails to clearly and cogently present arguments for overturning the district court decision is of little or no help to this court and causes us to doubt whether the appellant prosecuted the appeal with any reasonable expectation of altering the judgment of the district court." Spiegel v. Continental Illinois Nat'l Bank, 790 F.2d 638, 650 (7th Cir.), cert. denied, 479 U.S. 987 (1986); John v. Barron, 897 F.2d 1387, 1393 (7th Cir.), cert. denied, 111 S.Ct. 69 (1990); Brooks v. Allison Div. of General Motors Corp., 874 F.2d 489, 490 (7th Cir.1989); Fed.R.App.P. 28(a)(4).
 
 
 7
 Manganello did not endeavor to persuade us that the district court abused its discretion, and we fail to see evidence of abuse in any case. Accordingly, this appeal is DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record