April 5, 1993
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2149

PAYLESS WHOLESALE DISTRIBUTORS, INC., ET AL.,

Plaintiffs, Appellants,

v.

ALBERTO CULVER (P.R.) INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gilberto Gierbolini, U.S. District Judge]

Before

Stahl, Circuit Judge,

Aldrich and Coffin, Senior Circuit Judges.

Fernando L. Gallardo with whom Woods & Woods was on brief for

appellants.
Victor E. Grimm with whom Michael J. Abernathy, Bell, Boyd &

Lloyd, Ana Matilde Nin, Ramon Coto-Ojeda and McConnell Valdes Kelley

Sifre Griggs & Ruiz-Suria were on brief for appellees.

April 5, 1993

ALDRICH, Senior Circuit Judge. On July 17, 1990

plaintiffs Payless Wholesale Distributors, Inc. (Payless);

L.A. Formulations, Inc. (LAF); and Leonel M. Lima (Lima)

filed a 110 page first amended complaint, containing twenty

causes of action against Alberto Culver (P.R.), Inc.; LSE

Sales Corp.; LSE Advertising Company; Alberto-Culver Company;

and Leonard S. Etten. Monetary damages were specified for

each cause, varying between $5 million and $150 million. Out

of abundance of caution, plaintiffs requested "any additional

relief that this Honorable Court deem (sic) just and proper."

The district court, quite properly, criticized the complaint

for not being "a short and plain statement" in accordance

with Fed. R. Civ. P. 8(a)(2). Even more justly, it could

have complained of the flagrant violation of Fed. R. Civ. P.

11.1 The amount of damages sought is a relevant matter.

See Mestayer v. Wisconsin Physicians Service Ins. Corp., 905

F.2d 1077, 1080 (7th Cir. 1990). Cf. Thorpe v. Mutual of

Omaha Ins. Co., 984 F.2d 541, (1st Cir. 1993). Coupled

with the extended complaint it would be difficult to think of

clearer indifference to counsel's elementary obligations.

In a comprehensive opinion the court granted

defendants' motion to dismiss nineteen of the causes of

action, and then granted a motion for summary judgment for

1. ". . . The signature of an attorney or party constitutes
a certificate [of] belief . . . it is well grounded in
fact. . . ."

-2-

defendants as to the twentieth. Happily, we need not reach

the correctness of these individual rulings. The court

should have recognized the defense of judicial estoppel and

dismissed the complaint at the outset. On that basis we

affirm.

According to the complaint defendants were guilty,

inter alia, of violating the antitrust and RICO laws,

tortious interference with contractual relations, mail and

wire fraud, conspiracy, breach of contract, fault or

negligence, and damage to reputation, all for the purpose of

driving plaintiffs out of business.2 By reason of these

alleged wrongs Payless, soon after commencing business in

February, 1986, found itself having to take various actions

that it would not have chosen. Business was unsuccessful,

and in July, 1988 it filed for bankruptcy under Chapter 11.

In re Payless Wholesale Distributors, Inc., No. 88-0951

(Bankr. D.P.R. filed July 14, 1988). In connection therewith

there were requirements to give reasons for filing, and to

list all debtor's assets, including claims and causes of

action.3 In no filing did Payless even vaguely refer to the

2. Strictly, Payless is the one business entity having
claims. LAF was a manufacturer of products Payless proposed
to sell, and Lima a mere stockholder. Neither had
independent rights. Warth v. Seldin, 422 U.S. 490, 499

(1975); Jones v. Niagara Frontier Transp. Auth., 836 F.2d

731, 736 (2d Cir. 1987), cert. denied, 488 U.S. 825 (1988).

3. 11 U.S.C. 521(1), 1125(a).

-3-

present claims, or distinguish the one defendant mentioned

from its other creditors, yet Payless now alleges bankruptcy

was "a direct result of the conspiratorial acts of

defendants." First Am. Complaint 98. Even a cursory

examination of the claims shows that defendants should have

figured in both aspects of the Chapter 11 proceedings, and

that Payless could not have thought otherwise. The

brazenness of its ambivalence is illustrated by its present

assertion that the statute of limitations had not run because

it had been tolled by the pendency of Chapter 11.

The basic principle of bankruptcy is to obtain a

discharge from one's creditors in return for all one's

assets, except those exempt, as a result of which creditors

release their own claims and the bankrupt can start fresh.

Assuming there is validity in Payless's present suit, it has

a better plan. Conceal your claims; get rid of your

creditors on the cheap, and start over with a bundle of

rights. This is a palpable fraud that the court will not

tolerate, even passively. See, e.g., In re H.R.P. Auto

Center, Inc., 130 B.R. 247, 253-54 (Bankr. N.D. Ohio 1991)

(collecting cases). Payless, having obtained judicial relief

on the representation that no claims existed, can not now

resurrect them and obtain relief on the opposite basis. This

may not be strictly equitable estoppel, as the court

-4-

observed. Indeed, defendants may have a windfall. However,

it is an unacceptable abuse of judicial proceedings.

It is a generally recognized proposition that one

cannot play "fast and loose with the courts." Patriot

Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st

Cir. 1987). The language in Oneida Motor Freight, Inc. v.

United Jersey Bank, 848 F.2d 414 (3d Cir.), cert. denied, 488

U.S. 967 (1988) is singularly on point.

A long-standing tenet of bankruptcy
law requires one seeking benefits under
its terms to satisfy a companion duty to
schedule, for the benefit of creditors,
all his interests and property rights.
In Re Hannan, 127 F.2d 894 (7th Cir.

1942).

848 F.2d at 416.

Disclosure is important, in this
case, not only to the bank as an
adversary and as a creditor, but to the
other creditors and to the bankruptcy
court. Here, "the silence" in the Oneida
bankruptcy record concerning this present
claim, as they say in the vernacular, "is
deafening."

Id. at 417.

In order to preserve the requisite
reliability of disclosure statements and
to provide assurances to creditors
regarding the finality of plans which
they have voted to approve, we hold that
under the facts here present Oneida's
failure to announce this claim against a
creditor precludes it from litigating the
cause of action at this time.

Id. at 418.

-5-

By noting, and then disregarding Oneida Motor

Freight, and stating that Payless's "disclosure statement

does not constitute the adoption of a position by Payless in

one judicial proceeding that is intentionally inconsistent

with its claims in this case" the court failed to appreciate

the long accepted nature of Payless's obligations in the

Chapter 11 proceeding. Nothing more need be said.

Affirmed.

-6-