**Ronald MAYS, Plaintiff–Appellant,**

v.

**CHICAGO SUN–TIMES and Graphic Communications Union, Chicago Paper Handlers' & Electrotypers' Local No. 2, AFL–CIO, Defendants–Appellees.**

**No. 87–3083.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 15, 1988.

Decided Jan. 4, 1989.

Rehearing and Rehearing En Banc Denied Feb. 7, 1989.
As Amended Feb. 24, 1989.

L. Stevens Platt, Arnold & Kadjan, Chicago, Ill., for plaintiff-appellant.

Stephen B. Rubin, Asher, Pavalon, Gittler, Greenfield, & Segall, Ltd., Patrick S. Casey, Sidley & Austin, Chicago, Ill., for defendants-appellees.

Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

Plaintiff-appellant Ronald Mays appeals from the district court's grant of summary judgment in favor of defendants-appellees, the Chicago Sun–Times ("Sun–Times") and the Graphic Communications Union, Chicago Paper Handlers' & Electrotypers' Local No. 2, AFL–CIO ("Union"). We affirm the district court's decision in all respects, and, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, assess the costs of this appeal against appellant's attorney. In addition, pursuant to Rule 46(c) of the Federal Rules of Appellate Procedure we fine appellant's attorney $1000 for filing a brief with this court containing statements not well grounded in fact or law.

## I.

The Chicago Sun–Times publishes a daily metropolitan newspaper. Like most large-scale enterprises, publishing and circulating a metropolitan newspaper depends upon the performance of hundreds of anonymous but essential tasks. One such anonymous but essential task is paper handling. Paper handling involves, *inter alia*, stripping wrapping off paper rolls, loading the rolls onto dollies and operating a conveyer

belt that moves the dollies around the pressroom.

Sun–Times paper handlers are represented by the Union and are employed on both a full-time and a part-time basis. Full-time paper handlers are permanent employees of the Sun–Times and are hired by the newspaper, while part-time paper handlers are assigned to the Sun–Times by the Union during vacation and overload periods. In addition to their other duties, full-time paper handlers, unlike their part-time counterparts, regularly perform a variety of tasks involving the operation of heavy lift-trucks. Consequently, in 1984, the Sun–Times implemented a hiring policy requiring all future full-time paper handlers to have significant lift-truck experience.

Appellant Ronald Mays, a black man, has been a part-time paper handler at the Sun–Times since 1982. In both 1984 and 1985, Mays applied for but failed to obtain a full-time paper handler's position at the Sun–Times. Both positions were ultimately filled by white men who, unlike Mays, possessed significant lift-truck experience.

After being passed over twice for full-time paper handler positions and obtaining a right to sue letter from the Equal Employment Opportunity Commission, Mays filed suit against both the Sun–Times and the Union in state court. The suit alleged that the Sun–Times violated Title VII by basing its hiring decisions on racial considerations; that the Union participated in these decisions; and that the Union failed to adequately represent Mays. The suit was removed to federal court and, in November 1987, the district judge granted summary judgment in favor of both the Sun–Times and the Union on all counts. Mays appeals from this decision.

## II.

Rule 56(c) of the Federal Rules of Civil Procedure provides that "summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

summary judgment as a matter of law." Thus, in order to defeat a motion for summary judgment a party must demonstrate that there is a *material* factual dispute drawing all *reasonable* inferences in the light most favorable to the non-movant. *Harris Trust v. Edelson*, 859 F.2d 553, 556 (7th Cir.1988); *Davis v. City of Chicago*, 841 F.2d 186, 189 (7th Cir.1988). Moreover, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### A.

Appellant's first claim is that the Sun–Times violated Title VII by basing its hiring of full-time paper handlers on racial considerations. In the district court, Mays attempted to prove this charge through both direct and indirect evidence. Appellant's direct evidence consisted of an affiant's allegations that a Sun–Times official with responsibility for hiring full-time paper handlers had made unfavorable remarks about blacks. The affiant, however, could not remember the context in which these remarks were made. Given this lack of context, no reasonable jury evaluating affiant's allegations in the light most favorable to the appellant could find for Mays. Consequently, the district court properly concluded that appellant's direct evidence of racial discrimination was not sufficient to defeat the Sun–Times' motion for summary judgment.

Appellant also attempted to prove his charge against the Sun–Times indirectly. The indirect method of establishing a Title VII violation consists of a series of burden-shifting steps. Initially, a plaintiff must make out a prima facie case of racial discrimination. Establishing a prima facie case requires a showing that (1) plaintiff belongs to a racial minority; (2) plaintiff applied for and was qualified for the available position; (3) plaintiff failed to obtain the position and (4) the job remained open and the employer sought out other appli-

cants of plaintiff's qualifications. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

Once a plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the defendant to articulate a legitimate non-discriminatory reason for the particular decision. *Id.* When the defendant articulates such a reason, the plaintiff must respond by adducing evidence that the ostensibly non-discriminatory explanation is in fact a pretext for discrimination. If the plaintiff fails to adduce sufficient evidence from which a reasonable juror could conclude that "pretext" existed, the district court should enter summary judgment in favor of the defendant. *Klein v. Trustees of Indiana University,* 766 F.2d 275, 282 (7th Cir.1985).

The district court assumed, albeit reluctantly, that Mays had established a prima facie case of discrimination against the Sun–Times.[1] The Sun–Times responded by articulating a legitimate non-discriminatory reason for its hiring decisions—that Craig and Stortenbecker, the white men actually hired, both had significant lift-truck experience and thus were better qualified than Mays. At this point, Mays, in order to avoid summary judgment under *Klein,* had to adduce evidence from which a reasonable juror could conclude that the Sun–Times' non-discriminatory explanation was pretextual.

■ Mays' pretextual evidence consisted primarily of affidavits filed by two former full-time paper handlers at the Sun–Times, Robert Myers and Lylbum French.[2] These affidavits attacked the validity of the Sun–Times' non-discriminatory explanation in two respects. First, the affiants claimed that significant lift-truck experience was not a prerequisite to obtaining a full-time paper handler's position at the Sun–Times. Second, the affiants alleged that Craig and Stortenbecker lacked lift-truck experience and thus were not better qualified than Mays.

■ Rule 56(e) of the Federal Rules of Civil Procedure provides in pertinent part: Supporting and opposing affidavits shall be based on personal knowledge.... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment is appropriate.

The district court held that the affidavits submitted by the plaintiff failed to conform to the standards of Rule 56(e) and thus refused to consider the allegations contained therein. As a result, the district court held that plaintiff had failed to rebut the Sun–Times' non-discriminatory explanation, and entered summary judgment under *Klein.* We agree with this decision.

Affiants' first allegation is based on the fact that they were hired as full-time paper handlers at the Sun–Times without possessing significant lift-truck experience. Myers and French, however, were hired before the Sun–Times implemented its new hiring policy. Thus, their personal experiences were not relevant to the issue of the policy's existence. Moreover, because the affiants' personal experiences formed the basis of their allegations, the district court

---

1. The district court doubted that Mays was qualified to be a full-time paper handler but assumed this fact because defendants had failed to dispute the issue.

2. Appellant also attempted to show pretext through statistical evidence. Appellant's statistical evidence revealed that few blacks were working as full-time paper handlers at the Sun–Times but failed to demonstrate how many blacks had actually applied for these positions. The district court held that this defect rendered appellant's statistical evidence insufficient to defeat a motion for summary judgment on the issue of pretext. We agree. In a race-discrimination case, statistical evidence of few black workers without concomitant evidence that substantial numbers of blacks had actually applied for the particular jobs is not probative of the charge that the employer had excluded blacks from employment. The employer might in fact have hired all the blacks that actually applied for the positions.

properly held that the affidavits failed to set forth specific facts demonstrating that there was a genuine issue as to the existence of a hiring policy for full-time paper handlers.

The affidavits also alleged that Craig and Stortenbecker lacked significant lift-truck experience. This allegation was based on statements made by Craig and Stortenbecker to the affiants that cast on doubt their ability to operate heavy lift trucks. Myers and French, however, admitted that they lacked personal knowledge of Craig's and Stortenbecker's prior lift-truck experience. Consequently, the district court properly refused to consider this allegation in evaluating the motion for summary judgment and correctly concluded that the affidavits failed to raise a genuine issue of fact as to Craig's and Stortenbecker's lift-truck experience.

### B.

 Mays also appeals from the district court's grant of summary judgment in favor of the Union. Appellant's first claim is that the Union participated in the Sun–Times' discriminatory hiring decisions. The short answer to this assertion is that the relevant hiring decisions were not discriminatory. Thus, even if the Union had some input into the hiring of full-time paper handlers, its conduct did not violate Title VII. Moreover, we agree with the district court that the evidence adduced by Mays failed to establish a genuine issue as to whether the Union had input into the hiring of full-time paper handlers.

 May also claims that the Union, by refusing to file grievances with the Sun–Times when he was passed over for a full-time position, failed to adequately represent him. In order to prevail on an inadequate representation claim, a plaintiff must demonstrate that the union committed intentional misconduct. *Camacho v. Ritz–Carlton Water Tower,* 786 F.2d 242, 243 (7th Cir.) *cert. denied,* 477 U.S. 908, 106 S.Ct. 3282, 91 L.Ed.2d 571 (1986); *Hoffman v. Lonza, Inc.,* 658 F.2d 519, 522 (7th Cir.1981). "Intentional misconduct means sabotaging a 'possibly meritorious griev-

ance ... because the worker is on the outs with the union or is a member of some racial or other minority or is not a union man....'" *Camacho* at 244 (quoting *Dober v. Roadway Express, Inc.,* 707 F.2d 292, 294 (7th Cir.1983). After reviewing the record, we agree with the district court that Mays failed to adduce any evidence on this point. Accordingly, the district court properly entered summary judgment in favor of the Union on Mays' inadequate representation claim.

In sum, we hold that Mays failed to adduce sufficient evidence on any of his claims against either the Sun–Times or the Union to avoid a motion for summary judgment. Accordingly, we affirm the district court's decision in all respects.

### III.

Appellee Union contends that Mays' appeal from the district court's grant of summary judgment is frivolous within the meaning of Federal Rule of Appellate Procedure 38 and asks us to assess appropriate sanctions under that provision. In order to impose sanctions under Rule 38, we must make two determinations. First, we must find that the appeal is in fact frivolous. Second, we must determine that sanctions are appropriate in this case. *See Harris Trust and Savings Bank v. Edelson,* 859 F.2d 553, 559–60 (7th Cir.1988); *Spiegel v. Continental Illinois National Bank,* 790 F.2d 638, 650 (7th Cir.) *cert. denied,* 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986); *Indianapolis Colts v. Mayor and City Council of Baltimore,* 775 F.2d 177, 184 (7th Cir.1985).

 "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Indianapolis Colts v. Mayor and City Council of Baltimore,* 775 F.2d 177, 184 (7th Cir. 1985). Under this standard, an appeal is frivolous when the appellant merely restates arguments that the district court properly rejected. *Spiegel v. Continental Illinois National Bank,* 790 F.2d 638, 650 (7th Cir.) *cert. denied,* 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986). We believe that Mays' appeal is frivolous under this standard. In this court, Mays essen-

tially argues that the affidavits submitted by French and Myers sufficed to defeat a motion for summary judgment. This argument, however, was considered, and in our view properly rejected by the district court. Consequently, Mays' appeal was frivolous within the meaning of Federal Rule of Appellate Procedure 38.

Having determined that petitioner's appeal was frivolous, we must next determine whether sanctions are appropriate in this case. Sanctions are appropriate if "the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or sheer obstinacy." *Reid v. United States,* 715 F.2d 1148, 1155 (7th Cir.1983). Moreover, Rule 38 sanctions may be assessed against either an appellant or an appellant's attorney. *See Hill v. Norfolk and Western Ry. Co.,* 814 F.2d 1192, 1201 (7th Cir.1987).

In this case, the district court's opinion cogently explained why plaintiff's affidavits were not sufficient to defeat a motion for summary judgment. Given the incisive nature of the district court's opinion, appellant's attorney could not have had a reasonable expectation that the same arguments would prevail in this court and merely delayed the inevitable by filing this appeal. Consequently, we find that Rule 38 sanctions are appropriate in this case.

Finally, we must determine what sanctions to impose and against whom. Rule 38 serves two purposes. First, it compensates victorious parties in the district court for the expense and delay of defending against meritless arguments in the court of appeals. Second, it attempts to deter meritless appeals and preserve the appellate court calendar for cases worthy of consideration. *Ruderer v. Fines,* 614 F.2d 1128, 1132 (7th Cir.1980) (per curiam). After evaluating plaintiff's appeal with these considerations in mind we conclude that the most appropriate sanction in this case is to assess the costs of this appeal against appellant's attorney. Accordingly, appellees are ordered to file with this court within fifteen days of the date of this opinion a

statement of the costs they incurred in defending the appeal of the district court's grant of summary judgment.

## IV.

We also believe that statements contained in appellant's brief violate Rule 11 of the Federal Rules of Civil Procedure and thus warrant the imposition of sanctions pursuant to Rule 46(c) of the Federal Rules of Appellate Procedure. Rule 11 provides in pertinent part:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or its own initiative, shall impose upon the person who signed it, a represented party, or both an appropriate sanction....

Although Rule 11 "is not incorporated by reference or otherwise in any rule of this court, its requirements help to define conduct becoming a member of the bar [under Federal Rule of Appellate Procedure 46]." *In Re Kelly,* 808 F.2d 549, 551 (7th Cir. 1986). Accordingly, Federal Rule of Appellate Procedure 46 authorizes this court to impose sanctions on an attorney whose conduct violates Rule 11.[3]

██ In arguing that summary judgment in favor of the Union was improperly granted, appellant's brief states: "The union, in fact, has been *cited* by this court for its disgraceful hiring and employment

---

**3.** Rule 46(c) of the Federal Rules of Appellate Procedure provides in pertinent part:

A court of appeals may, after reasonable notice and an opportunity to show cause to the

record," and references *Graphic Communications Union v. Chicago Paper Handlers' and Electrotypers' Local No. 2 v. Chicago Tribune*, 794 F.2d 1222, 1224 (7th Cir.1986) as support for this assertion. Our review of this decision, however, failed to reveal language that even indirectly supports appellant's very serious charge.[4] We can think of no better example of a pleading not well grounded in fact or law than a brief that falsely imputes a particular position to this court.

Although appellant's assertion about the Union is the most egregious example of a statement not well-grounded in fact or law it is not the only such statement contained in his brief. Thus, appellant asserts that: "No one disputes that both the Union and the Sun–Times have a dismal record of hiring and employing minorities in full-time paper handler positions." Both the Union and the Sun–Times, however, strongly dispute this assertion. Finally, appellant's brief in an effort to prove that the Sun–Times retaliates against blacks who assert their rights, states that "Lylbum French was fired after filing a race discrimination charge against the Sun–Times." French was in fact fired before filing a race discrimination charge against the Sun–Times.

In sum, appellant's brief contains several statements that are not well-grounded in fact or law. After considering the extent and nature of these statements, we believe that a significant penalty is warranted. Accordingly, pursuant to Rule 46(c) of the Federal Rules of Appellate Procedure, we fine appellant's attorney $1000, payable by certified check to the United States Treasury to be tendered in the clerk's office within two weeks of the date of this opinion.[5]

## V.

We affirm the district court's grant of summary judgment in favor of the Sun–Times and the Union on all counts and assess the costs of this appeal against appellant's attorney under Federal Rule of Appellate Procedure 38. In addition, pursuant to Rule 46(c) of the Federal Rules of Appellate Procedure we fine appellant's attorney $1000 for filing a brief with this court containing statements not well-grounded in fact or law. Accordingly, the district court's decision is AFFIRMED WITH SANCTIONS.

---

contrary, and after hearing if requested, take any appropriate disciplinary action against any attorney who practices before it for conduct unbecoming a member of the bar.... In this case, the brief submitted by the Union requested sanctions based on the misrepresentations contained in appellant's brief. Therefore, appellant's counsel was on notice that disciplinary action might be forthcoming. Appellant's counsel was afforded the opportunity to explain why he should not be sanctioned for the statements in his brief at oral argument where we repeatedly questioned him about the veracity of these statements. Finally, appellant's counsel did not request a hearing on possible sanctions. Consequently, Rule 46 sanctions may be imposed in this case.

4. The sentence that most closely approximates the brief's statement is contained at 794 F.2d at 1224. There, the court stated: "In a letter to the Union, the *Tribune* expressed concern with respect to what it perceived to be an increase in the number of lawsuits challenging hiring practices as discriminatory and its view that employers who hire through union callrooms would not be insulated from liability in the event a union's hiring practices were found to be unlawful." Even given, its most liberal construction, this sentence cannot be read as indicating this court's disapproval of the Union's hiring practices. In fact, the Union's hiring practices were not at issue in the case.

5. Rule 46(c) authorizes this court to impose monetary penalties. *See United States v. Bush*, 797 F.2d 536, 538 (7th Cir.1986) (per curiam).