**Thresa KUHN, Plaintiff,**

v.

**ISLAND CREEK COAL COMPANY, Defendant.**

**Civ. A. No. 88–0143–O(CS).**

United States District Court, W.D. Kentucky, Owensboro Division.

Aug. 28, 1990.

Joseph H. Kelley, Monhollon, Bruce, Kelley & Carter, Madisonville, KY, for plaintiff.

William A. Logan, Madisonville, KY, Gary R. Kessler, Josie A. Alexander, Jackson, Lewis, Schnitzler & Krupman, Atlanta, GA, for defendant.

## MEMORANDUM OPINION

SIMPSON, District Judge.

This matter is before the court on motion of the defendant, Island Creek Coal Company (hereinafter "Island Creek"), for summary judgment with respect to certain claims of sex discrimination.

The plaintiff, Thresa Kuhn (hereinafter "Kuhn"), has alleged that she was discriminated against on the basis of her sex when Island Creek refused to hire her for a number of positions available in the safety department. Island Creek seeks summary judgment with respect to its decision not to hire her for three of those positions, the positions of safety inspector, rod person and standards control inspector.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151–60, 90 S.Ct. 1598, 1605–10, 26 L.Ed.2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir.1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir.1962).

Island Creek urges with respect to each of the three positions that the individuals hired were more qualified than Kuhn. In fact, her resume and applications were reviewed for all three of the jobs but ultimately she was not hired. The evidence presented through deposition testimony, Island Creek's employment documents and affidavits is as follows:

1. Safety Inspector—This vacancy was created when Darold Gamblin who had been employed in that position was promoted. (Kuhn depo., p. 223; Ferguson depo., p. 14). Kuhn was interviewed for the position. (Kuhn depo., p. 222; Ferguson depo., p. 15). The position was not filled with an interviewee. Instead Gamblin was demoted to his old position as safety inspector. (Kuhn depo., p. 229).

2. Rod Person—Kuhn applied for the rod person position and was interviewed. (Ferguson depo., p. 24, Ferguson affidavit, para. 21). She had a month or two of experience as a rod person and two college courses in surveying. (Kuhn depo., pp. 234, 236, Ferguson depo., p. 24, Ferguson affidavit, para. 22). The experience required for the position was two years; however, she was interviewed because, based on her application and resume she might have been considered by Island Creek to be qualified. (Ferguson depo., p. 24, Ferguson affidavit, para. 21). Don Ferguson and Don Bell who possessed superior qualification to Kuhn were hired into the two rod person positions. Don Johnson had ten years surveying experience, three years rod person experience, and was a registered surveyor. (Ferguson affidavit, para. 23, 24). Don Bell had eight years engineering and surveying experience and a B.S. degree in mine management. (Ferguson affidavit, para. 23, 24).

3. Standards Control Inspector—This position was created when Island Creek's safety department was reorganized. (Ferguson affidavit, para. 26). The qualifications for standards control inspector were very similar to the requirements for the previous safety inspector position for which Kuhn and six other applicants had been interviewed. Island Creek reviewed the resumes, applications and interview sheets of those persons who had been interviewed for the safety inspector's position. No additional interviews were conducted. (Ferguson affidavit, para. 28). Kuhn was advised of the opening and told she would be considered for the position based upon her earlier interview. (Ferguson affidavit, para. 28, 29). Jeffrey Porter was selected to fill the position. He had eight years of mining experience, was certified as a mine foreman with the Commonwealth of Kentucky, and he had conducted MHSA refresher training courses for Island Creek employees including McGill, Mynhier and Gamblin, individuals involved in the hiring process for the standards control inspector position. Additionally, Porter had experience on a production unit and was familiar with the operation of all the equipment. (McGill depo., p. 26; Gamblin depo., pp. 13–14). By contrast, Kuhn had three years mining experience, was not certified as a mine foreman but did have MHSA certification. There were many types of machinery with which she did not have familiarity. (Kuhn depo. pp. 77–81, 224, and resume).

Kuhn has failed to come forward in response to this motion for summary judgment with evidence showing a material issue of fact exists which would preclude the granting of Island Creek's motion.

The response urges that a material issue of fact exists with respect to the assessment of whether Kuhn was unqualified or less qualified than the other applicants for the three positions in question. In support of this assertion, she points to her resume, her testimony regarding her educational and occupational background, as well as the testimony of Mynhier, the maintenance manager, and Dr. Joel Dill, a vocational expert. Kuhn's resume and testimony reveal the extent of her experience and edu-cation as indicated above. Her qualifications fall significantly below those of the individuals hired for the positions. Mynhier stated in his deposition at page 40 "I'd like to see her get on" with the company because of her qualifications and credentials but further stated "not for a particular position". His statement reveals only his opinion that she should be employed by Island Creek, not that she could successfully compete for any of the positions in issue in this case. The testimony of Dill is similarly of no assistance in attempting to establish the existence of a material issue of fact. Dill testified that since women have not been employed in the coal mining industry as long as men, it would be difficult for women to successfully compete for positions requiring many years of practical experience. (Dill depo. p. 29). The three positions in question did not require more than three years of mining experience which Kuhn did possess. She had some but not enough rod person/surveying experience to meet the minimum 2–year requirement for the rod person position, however her application was considered and she was interviewed because there was the possibility that the decisionmakers might have found her qualified. (Ferguson depo. p. 24). Overall, Kuhn was less qualified than the individuals who were selected to fill the positions for which she competed. Kuhn was interviewed and considered for the jobs with the other applicants. She was unsuccessful in obtaining any of the positions because the applicants hired had superior credentials.

 Kuhn has failed to make a *prima facie* case of discrimination inasmuch as she has not shown that she "was rejected under circumstances which give rise to an inference of unlawful discrimination." *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). She has not shown that Island Creek's non-discriminatory explanation of hiring the superiorly qualified persons was pretextual. *Mays v. Chicago Sun–Times,* 865 F.2d 134, 137 (7th Cir. 1989). She has not shown that the minimum experience requirements have a dis-

criminatory impact on women. She has shown, at best, that 1) she did not obtain a position because she was under-qualified in comparison with the other applicants and 2) as a general proposition women are relative newcomers to the coal mining industry. This is simply insufficient to establish a *prima facie* case of discriminatory impact under the law. *See Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989). She has not come forward with any evidence to challenge the business justification for Island Creek's minimum experience requirements for the positions. *Wards Cove Packing Co. v. Atonio,* supra.

This court finds, therefore, that no genuine issue of material fact exists and that Island Creek is entitled to summary judgment as a matter of law. A separate order will be entered this date in accordance with this opinion.