966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Norman JONES and Clifford Dotseth, Plaintiffs-Appellants,
v.
TOWNSHIP HIGH SCHOOL DISTRICT NO. 211, Richard C. Kolze and
Robert Rozycki, et al., Defendants-Appellees.
 Nos. 90-2354, 90-2355.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 29, 1991.
Decided June 1, 1992.
 
 Appeal from the United States District Court for the Northern District of Illinois Eastern Division; No. 85 C 5522, James H. Alesia, Judge.
 N.D.Ill.
 AFFIRMED.
 Before COFFEY and RIPPLE, Circuit Judges, and WISDOM, Senior Circuit Judge.*
 
 ORDER
 
 1
 The plaintiffs appeal the district court's denial of their Fed.R.Civ.P. 60(b) motion to vacate the dismissal of their cases for want of prosecution. We affirm.
 
 I. FACTS
 
 2
 On June 12, 1985, the plaintiffs-appellants, Norman Jones and Clifford Dotseth, filed a six-count complaint against the defendants-appellees, Board of Education of Township High School District No. 211, District Superintendent Richard Kolze, and Principal Robert Rozycki alleging that the defendants demoted them on account of their age, in violation of the Age Discrimination Employment Act of 1967, 29 U.S.C. § 623, and further that the defendants retaliated against them through adverse employment actions for exercising their First Amendment right to free speech. As a result of the plaintiffs' failure to attend a status hearing on May 23, 1988, their case was dismissed without prejudice. On June 7, 1988, the district court granted the plaintiffs' motion to vacate the dismissal. Later on September 11, 1989, the trial court once again dismissed the plaintiffs' case without prejudice when the plaintiffs' counsel missed a second status hearing. On September 28, 1989, the district court granted the plaintiffs' second motion to vacate a dismissal.
 
 
 3
 On February 1, 1990, the trial court granted partial summary judgment to the defendants on the issue of the First Amendment protection of free speech and requested a supplemental memorandum instanter on the age discrimination claims. When the plaintiffs failed to submit the supplemental memorandum and missed a third status hearing, the judge dismissed the case with prejudice on April 30, 1990. The trial court subsequently denied the plaintiffs' motion to vacate the dismissal pursuant to Rule 60(b) on May 16, 1990, finding that the "[t]he history of this case shows a clear record of delay or contumacious behavior by the plaintiffs," and that the "[p]laintiffs' casual approach toward litigation in general and court orders in specific, make a dismissal for want of prosecution an appropriate disposition of this case." The plaintiffs filed a motion for reconsideration of the court's May 16, 1990 denial of the motion to vacate the dismissal on May 31, 1990. This motion was denied on June 14, 1990. The plaintiffs appeal from the district court's May 16, 1990 denial of their motion to vacate the dismissal of their case with prejudice after the plaintiffs failed to appear for three separate status hearings.
 
 II. JONES
 
 4
 As an initial matter, the defendants argue that the plaintiff Jones' deficient notice of appeal fails to vest jurisdiction in this court. Jones' notice of appeal erroneously states: "Notice is hereby given that Norman Jones, plaintiff above named, hereby appeals to the United States District Court for the Northern District of Illinois, Eastern Division [sic] from the motion [sic] denying plaintiff's request to reinstate case." Fed.R.App.P. 3(c) provides that: "The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken...." Jones' notice of appeal was required to state that he was appealing to the United States Court of Appeals for the Seventh Circuit from a specific judgment or order of the district court. This court recently stated:
 
 
 5
 "Rule 3(c) is a jurisdictional rule, and such rules must be read with exactitude, to produce simple decisions and predictable results; second, the final sentence of the rule, saying that an appeal shall not be dismissed for 'informality of form or title of notice,' implies that it shall be dismissed for errors in the body."
 
 
 6
 Shaka v. Lane, 894 F.2d 923, 924 (7th Cir.1990) (citing Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405 (1988) (emphasis in the original). Jones does not satisfy the jurisdiction requirements of Rule 3 because he failed to name the proper court and failed to specify an order or a judgment. As a result, this court is without jurisdiction to entertain his appeal.
 
 III. DOTSETH
 
 7
 The only issue the plaintiff Dotseth raises on appeal is whether the district court acted properly under Rule 60(b) in denying relief from the dismissal of his claims with prejudice. Dotseth does not challenge the April 30, 1990 dismissal itself. The decision of a district court declining to reopen a judgment of dismissal under Rule 60(b) is reviewed under an abuse of discretion standard. Metlin Realty Corp. v. Esmark, Inc., 763 F.2d 826, 830 (7th Cir.1985). The standard for measuring an abuse of discretion is that it occurs only when no reasonable person could agree with the district court. Id. "When the district judge reviewing the Rule 60(b) motion also rendered the underlying judgment and concludes that any error complained of did not affect the earlier decision, the movant's task on appeal is more difficult." Id. at 831 (citing International Nikoh Corp. v. H.K. Porter Co., 374 F.2d 82, 84 (7th Cir.1967)).
 
 
 8
 The plaintiff contends that the district court abused its discretion by failing to vacate the May 16, 1990 dismissal with prejudice for want of prosecution after the plaintiffs missed three prior status hearings. Dotseth argues that the district court should have granted his motion to vacate the dismissal pursuant to Rule 60(b) because counsel's failure to attend the three status hearings was not the result of dilatory tactics or contumacious conduct. The plaintiff attempts to provide a plausible justification for counsel's failure to attend three different status hearings: (1) on May 23, 1988, plaintiff's counsel failed to attend a status hearing as a result of an alleged miscommunication over the date--plaintiff contends that his counsel believed that the status date would be reset because the defendants were granted an extension of time to file a reply brief four days earlier, on May 19, 1988; (2) plaintiff's counsel missed another status hearing on September 11, 1989, because of a traffic delay; and (3) the case was dismissed with prejudice on April 30, 1990, when the plaintiff's counsel failed to appear at a status hearing because counsel's office had inadvertently neglected to docket the status hearing date from a prior minute order. This case had been pending for nearly five years when the district court dismissed the claims for the third time on April 30, 1990. In a February 1, 1990 order, the district judge partially granted the defendants' motion for summary judgment dismissing the claims, and ordered supplemental briefing on the age discrimination claims. The court ordered the plaintiffs to file a supplemental brief "on or before February 23, 1990." Plaintiffs' counsel's next contact with the court was on May 16, 1990, when he appeared to request permission to file the supplemental brief instanter. The court responded as follows:
 
 
 9
 "The plaintiff's response to the supplemental brief was by court order to be filed on February 23rd, 1990. No motion for an extension of time was ever requested. Now in the middle of May you come in here for leave to file instanter. As far as I am concerned, a motion to vacate the dismissal for want of prosecution entered on April 30th is denied. Also your motion to file the supplemental memorandum instanter, which was due on February 23rd, 1990, is also denied.
 
 
 10
 "In my opinion, the history of this case shows a long record of delay by plaintiff's counsel....
 
 
 11
 .............................................................
 
 
 12
 ...................
 
 
 13
 * * *
 
 
 14
 "I think the plaintiff's casual approach to litigation in general, and court orders in specific--I have been very patient in this case. I have vacated two dismissals for want of prosecution. This is the third time, and I am not going to do it."
 
 
 15
 "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' ... necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962). After nearly five years of litigation, three missed status hearings and the failure to comply with the court's briefing schedule, we refuse to hold that the district court abused its discretion in denying the plaintiffs' Rule 60(b) motion to reinstate the case.[1] The district court is responsible for managing its calendar, including the timely disposition of cases in order that other parties may litigate their claims.
 
 
 16
 Dotseth contends that there would be no prejudice to the defendants if the case were reinstated. However, the appellate court "may order a case reinstated only if the district judge abused his discretion," Tolliver, 786 F.2d at 318 (emphasis added), and prejudice to the defendants is therefore irrelevant as to the question of whether the district judge abused his discretion by denying the plaintiff's motion to reinstate his case. Moreover, the plaintiff offers no legal support for this argument: "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.1991).
 
 
 17
 Finally, the plaintiff argues that since any delay was due to circumstances beyond his control, he should not be held responsible for his counsel's failure to attend three status hearings as well as neglecting to file a supplemental brief. We disagree, for the plaintiff freely and independently chooses his own counsel, and a "party who chooses his counsel freely should be bound by his counsel's actions." Pyramid Energy, Ltd. v. Heyl & Patterson, Inc., 869 F.2d 1058, 1061-62 (7th Cir.1989) (quoting Deppe v. Tripp, 863 F.2d 1356, 1360 (7th Cir.1988)) (footnote omitted). In support of his argument, the plaintiff cites Lowe v. City of East Chicago, Indiana, 897 F.2d 272 (7th Cir.1990), in which this court reversed the decision of a district court to deny a motion to vacate a dismissal. However, the facts in Lowe are distinguishable from the facts before us. In Lowe, the case was barely a year old at the time of dismissal, there was only one instance of noncompliance with the discovery order of the court, the plaintiff double-checked the court files to assure himself of his attorney's diligence, and he sought to engage other counsel when he discovered his attorney's neglect. Id. at 274-75. Conversely, in the case before us, the suit had been pending for nearly five years with no trial date set, the plaintiff's counsel missed three separate status hearings, he failed to file a supplemental brief, and the plaintiff presents no evidence that he maintained any vigilance over the prosecution of his case and his attorney's actions.
 
 
 18
 The plaintiff is unable to demonstrate that the district court abused its discretion in denying the plaintiff's motion to vacate the dismissal with prejudice of his suit. This court has held that "[w]here it appears that the defaulting party has wilfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, this circuit has repeatedly upheld the trial court's denial of a Rule 60(b) motion." C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir.1984). The plaintiff's counsel's failure to attend three separate status hearings as well as counsel's failure to file a supplemental brief demonstrates flagrant abuse of the court process and the court orders as well as an acute lack of diligence in the prosecution of the case. As the plaintiff admits in his brief, "[f]ailing to appear for status hearings no matter how excusable the reasons, does not exhibit the respect that the trial court is entitled to." We agree with the plaintiff and affirm the decision of the district court.
 
 IV. SANCTIONS
 
 19
 Claiming that the plaintiff's appeal is frivolous and lacks any merit, the defendants seek sanctions in the form of attorney's fees and costs under Fed.R.App.P. 38,[2] which states, "if a court of appeals shall determine that an appeal is frivolous, it may award just damages as in single or double costs to the appellee." The imposition of sanctions under Rule 38 requires two determinations. Initially, we must determine that the appeal is in fact frivolous. Second, we must find that sanctions are appropriate in the case. Mays v. Chicago Sun-Times, 865 F.2d 134, 138 (7th Cir.), cert. denied, 493 U.S. 900 (1989).
 
 
 20
 "An appeal is frivolous when the result is obvious or when the appellants' argument is wholly without merit." Mays, 865 F.2d at 138 (quoting Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 184 (7th Cir.1985)). We do not believe that the plaintiff's appeal was so lacking in merit that the outcome was preordained. While the plaintiff was unable to demonstrate that the district court abused its discretion in denying his motion to vacate the dismissal, it does not necessarily follow that the defendants are automatically entitled to sanctions for frivolous appeal. We are unconvinced that the "appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or sheer obstinacy." Mays, 865 F.2d at 139 (citation omitted). Thus, the defendants' request for costs is denied.
 
 V.
 
 21
 The decision of the district court is affirmed and the defendants' request for costs is denied.
 
 
 
 *
 The Honorable John Minor Wisdom, Senior Judge of the United States Court of Appeals for the Fifth Circuit, is sitting by designation
 
 
 [1]
 The plaintiff contends the district court abused its discretion because it should have used less stringent measures rather than a dismissal of his suit with prejudice. However, the district court bent over backwards and did in fact use less stringent measures on two previous dismissal orders by vacating the orders for want of prosecution on June 7, 1988, and September 28, 1989. Thus, this argument is without merit
 
 
 [2]
 New Circuit Rule 38, effective February 1, 1992, is not germane to this appeal, as we are not awarding sanctions