12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Todd VERDONE, Plaintiff/Appellant,
v.
TAYLOR COUNTY CO-OP CREDIT UNION, et al., Defendants-Appellees.
 No. 93-2313.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1993.*
Decided Dec. 6, 1993.
Rehearing Denied Feb. 3, 1994.
 
 Before POSNER, Chief Judge, and RIPPLE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 This appeal arises from the district court's dismissal of Todd Verdone's complaint for failure to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). We review the dismissal of Verdone's complaint de novo, assuming the truth of the allegations and making all reasonable inferences in Verdone's favor. Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). We will affirm only if it appears beyond doubt that Verdone can prove no set of facts in support of his claim that would entitle him to relief. Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir.1993). Because Verdone is proceeding pro se, we will liberally construe his complaint. Vanskike v. Peters, 974 F.2d 806, 807 (7th Cir.1992), cert. denied, 113 S.Ct. 1303 (1993).
 
 
 2
 The allegations in Verdone's complaint are difficult to follow, but from the exhibits attached to the complaint, and from the arguments he makes on appeal, it appears that this suit stems from a state action for foreclosure and sale of Verdone's property begun in 1991 and completed in 1992 in Taylor County, Wisconsin. A judgment of foreclosure on Verdone's property was entered by Taylor County Circuit Court Judge Gary L. Carlson on May 20, 1992, and the property was sold at a sheriff's sale on October 7, 1992. Following a hearing on October 29, 1992, during which Verdone was given the opportunity to challenge the foreclosure and sale of his property, Judge Carlson confirmed the sale.
 
 
 3
 All defendants named in Verdone's complaint are alleged to have played some role in the state foreclosure action. Carlson was the presiding judge; Taylor County Co-op Credit Union initiated the foreclosure action; Peterson is the credit union's chief executive officer; Grunewald represented the credit union in the foreclosure action; Bartzen represents Peterson, Brunewald, and the credit union; Wright, Breneman, Dennis Bauer, and Kruger were or are employed by the Taylor County Sheriff's department and executed the writ of assistance to obtain possession of Verdone's property; Yvonne Bauer is the county clerk of court; Strande represents the Taylor County defendants; Gateway Mobil Homes contracted with the sheriff's department to execute the writ of assistance; Gene and Janice Landwehr are the owners of Gateway Mobil Homes; James and Arlene Strama purchased Verdone's property at the sheriff's sale; and Krug represented the Stramas at the foreclosure sale.
 
 
 4
 In his forty-page amended complaint, Verdone alleges that all defendants, by their participation in the foreclosure and sale of his property, conspired to defraud him and deprive him of his lands, obstructed justice, denied him due process of law, and engaged in racketeering and theft in violation of numerous federal treaties, statutes, and constitutional amendments. Verdone also alleges that his bid of one United States silver dollar at the sheriff's sale entitles him to redemption of his property because silver is the only legitimate form of currency in this country. For purposes of our discussion, we divide Verdone's claims into those that allege a conspiracy, and those that do not.
 
 
 5
 We believe the district court was without jurisdiction to consider the nonconspiratorial claims in Verdone's complaint. In Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923), the Supreme Court held that federal district courts do not have jurisdiction to review or modify a judgment of a state's highest court. In District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983), the Court refined Rooker by holding that district courts have no jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Taken together, Rooker and Feldman stand for the proposition that "lower courts lack jurisdiction to engage in appellate review of state-court determinations." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 21 (1987) (Brennan, J. concurring); see also Ritter v. Ross, 992 F.2d 750, 753 (7th Cir.1993). The so-called Rooker-Feldman doctrine asks: "is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party? If the former, then the district court lacks jurisdiction; if the latter, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." GASH Assoc. v. Village of Rosemont, Illinois, 995 F.2d 726, 728 (7th Cir.1993).
 
 
 6
 In this case, it is the former. In the Circuit Court of Taylor County, Verdone challenged the forfeiture and sale of his property on the grounds that: he did not receive five days' notice of the October 29, 1993, hearing; Grunewald did not file a notice of retainer; Grunewald was not licensed to practice law in Wisconsin; Judge Carlson was not licensed to practice law in Wisconsin and had not met the requirements imposed by the Wisconsin Constitution to serve as a judge; Judge Carlson did not hold a bond; Verdone was not given a copy of the notice of confirmation of the sale of his property; Judge Carlson lacked jurisdiction over Verdone's counterclaim because the foreclosure was an equity proceeding; Judge Carlson had not "cleared the docket" in the case; Verdone had redeemed the property; Verdone had paramount title to the property by virtue of a federal land patent issued in 1892, the Homestead Act of 1820, and various federal statutory and state constitutional provisions; and Judge Carlson lacked jurisdiction because the property was an allodial freehold and part of the Louisiana Purchase, and the terms thereof superseded state mortgage and foreclosure laws. In confirming the sale of Verdone's property, the state court rejected each of these claims.
 
 
 7
 In his federal complaint, Verdone recasts these same claims, or variations thereof, under the guise of federal constitutional and statutory claims. Considering the great similarity between the claims that were discussed by the Circuit Court of Taylor County and the federal claims that Verdone raises in his complaint, the federal claims are inextricably intertwined with those raised before and addressed by the state court. See Leaf v. Supreme Court of the State of Wisconsin, 979 F.2d 589, 598-99 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). This means that the district court was in essence being called upon to set aside a state judgment--the judgment confirming the sale of Verdone's property--which it lacked jurisdiction to do. See Feldman, 460 U.S. at 483 n. 16; Village of Rosemont, 995 F.2d at 728; Guess v. Board of Medical Examiners, 967 F.2d 998, 1002-03 (4th Cir.1992).
 
 
 8
 The Rooker-Feldman doctrine does not bar federal jurisdiction over Verdone's claims that the defendants conspired to deprive him of his civil rights and to engage in racketeering activities. Verdone did not raise these claims in the state court, and they are not inextricably intertwined with the claims that were addressed by the state court. We therefore must determine whether the conspiratorial claims are cognizable.[1] Verdone alleges that the defendants conspired to deprive him of his property without due process of law in violation of 42 U.S.C. Sec. 1985(3). We agree with the district court that this allegation fails to state a claim under Sec. 1985(3). To state a claim for relief under Sec. 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class or persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of any right or privilege of a citizen of the United States. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Verdone has not satisfied the second element. The requirement of intent to deprive a person or persons of equal protection or equal privileges and immunities under the laws means that there must be some racial or other class-based invidious discriminatory animus behind the conspirators' actions. Id. at 102. Verdone does not allege that the defendants acted with discriminatory animus. Moreover, he does not allege a deprivation of equal protection of the laws or equal privileges of the laws; his allegation is that the defendants conspired to deprive him of property without due process.
 
 
 9
 In addition, we agree with the district court that Verdone's complaint fails to state a claim under 18 U.S.C. Sec. 1964(c), which provides a civil action to recover treble damages for injury caused by racketeering activities. To state a claim under Sec. 1964(c), a plaintiff must allege that the defendant or defendants committed an act proscribed by 18 U.S.C. Sec. 1962. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 495-97 (1985). Verdone does not allege that the defendants violated Sec. 1962, nor can such an allegation be inferred.[2]
 
 
 10
 All appellees except Carlson, Bartzen Grunewald, Petersen, and Taylor County Co-op have moved for sanctions on the ground that Verdone's appeal is frivolous. See Fed.R.App.P. 38. We notified Verdone of the appellees' motion and gave him an opportunity to respond, see Cir.R. 38, which he did. Rule 38 sanctions are discretionary with the appellate court. Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989). In determining whether to impose Rule 38 sanctions, we hold pro se litigants to a less-exacting standard than we would hold attorneys, but pro se litigants are by no means immune to sanctions. Farnum v. United States, 813 F.2d 114, 116 (7th Cir.1987); Reis v. Morrison, 807 F.2d 112, 113 (7th Cir.1986). The imposition of sanctions on appeal involves a two-step inquiry. First, we must decide that the appeal is in fact frivolous. If so, we must then determine whether this is an appropriate case for imposing sanctions. Williams v. United States Postal Serv., 873 F.2d 1069, 1075 (7th Cir.1989); Mays v. Chicago Sun-Times, 865 F.2d 134, 138 (7th Cir.), cert. denied, 493 U.S. 900 (1989).
 
 
 11
 An appeal is frivolous when the result is foreordained or when the appellant's arguments are wholly without merit. Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 184 (7th Cir.1985). We believe that Verdone's appeal is frivolous under this standard. Verdone's arguments are wholly without factual or legal support. Representative are his contentions that the Declaration of Independence and the Louisiana Purchase prevent the mortgaging of his land, and that the sale of his land was invalid because silver coin is the only legal tender in the United States. Moreover, Verdone should have known before he filed his appeal that he had no chance of prevailing. The district court did not impose sanctions pursuant to Federal Rule of Civil Procedure 11 because Verdone was proceeding pro se. Nevertheless, the court explained in cogent and unmistakable terms that Verdone's allegations were "completely devoid of merit" and warned: "[P]laintiff is advised that if he attempts to pursue claims related to the foreclosure and sale of his property in this court against these or any other defendants, [the court] will not hesitate to impose Rule 11 sanctions at that time." Order at 9-10.
 
 
 12
 Sanctions are appropriate when the appeal is prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of "delay or harassment or sheer obstinacy." Mays, 865 F.2d at 139; Reid v. United States, 715 F.2d 1148, 1155 (7th Cir.1983). It is clear from the record this appeal was filed for no reason other than to harass the defendants by a litigant who is too obstinate to accept the fact that his claims are frivolous. We have cautioned that if a litigant "persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed." Bacon v. American Fed'n of State, County, Mun. Employees Counsel, 795 F.2d 33, 35 (7th Cir.1986). This case presents such a cause. The appellees who moved for sanctions are directed to submit to the Clerk of Court a statement of their expenses in defending against this appeal within ten days of this order.
 
 
 13
 AFFIRMED, WITH SANCTIONS.
 
 
 
 *
 On July 30, 1993, Appellees Janice Landwehr, Gene Landwehr, Gateway Mobil Homes, James E. Bartzen, William Grunewald, Michael Petersen, and Taylor County Co-op Credit Union filed motions to waive oral argument. On August 3, 1993, after preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). On August 5, 1993, Appellees Jeffrey Strande, Dennis Bauer, Patricia Kruger, Yvonne Bauer, William Brenemen, and Donald Wright filed a motion to waive oral argument. Appellant has not responded to the notice. Upon consideration of the Appellees' motions, the briefs, and the record, the appeal is submitted on the briefs and record
 
 
 [1]
 At the outset it must be noted that the conspiratorial claims are not cognizable against Judge Carlson. Judge Carlson committed the acts that Verdone complains about in a judicial capacity and, as such, he is shielded from liability for damages by the doctrine of judicial immunity. Forrester v. White, 484 U.S. 219, 227-28 (1988)
 
 
 [2]
 Verdone also alleges that the defendants violated numerous criminal statutes. Because none of these statutes confers a private right of action, they cannot serve as grounds for relief in Verdone's civil suit