69 F.3d 540
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael E. WILSON, Plaintiff-Appellant,
v.
Christian DeBRUYN and Anthony Metzcus, Defendants-Appellees.
 No. 95-1832.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1995.*
Decided Nov. 2, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Michael Wilson, an inmate in the Westville Correctional Center in Indiana, filed this pro se action under 42 U.S.C. Sec. 1983. He alleged that Christian DeBruyn, the Commissioner of the Indiana Department of Correction, and Anthony Metzcus, the former Health Care Administrator at Westville, violated his rights under the Eighth Amendment by failing to provide him with adequate medical care.
 
 
 2
 Wilson was originally unable to serve process on Metzcus because the latter had left the state's employ by the time of this suit. Ultimately, however, the district court ordered the defendants to provide the U.S. Marshal with Metzcus's last known address and the marshal served process on Metzcus. The defendants then submitted the plaintiff's medical records into evidence and moved for summary judgment. Based on the evidence before it, the court granted summary judgment in favor of the defendants.
 
 
 3
 On appeal, Wilson apparently misunderstands the basis for the district court's decision. His sole argument on appeal is that the district court erred by dismissing his complaint for failure to serve process on Metzcus. Because the district court dismissed Wilson's case on the merits, rather than for insufficiency of service of process, Wilson's appeal is wholly without merit and is therefore frivolous. Mays v. Chicago Sun-Times, 865 F.2d 134, 138 (7th Cir.1989).
 
 
 4
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record